PETER SCHMIDT, Respondent, *v.* H. RICHARD STERN and GEORGE H. MORRIS, Copartners Doing Business under the Firm Name of JOHNSON & MORRIS, and 305 WEST END CORPORATION, Appellants.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1922.

Negligence — building under construction — injury to employee of subcontractor — when corporation constructing building is bound under rule res ipsa loquitur to overcome presumption against it — general custodian of building must take proper precautions to prevent accidents.

A corporation under its own management was constructing a large apartment house upon its own land. The employees of a firm having the contract to furnish and install steam radiators in the building, under the instructions of the superintendent in charge of the building operations, took one of the radiators to a specific room and laid it upon its side on the rough boarding upon which a finished floor was later to be placed. While plaintiff, an employee of a subcontractor who had been engaged by the corporation to tile a room contiguous to that in which the radiator had been placed, was straightening out a piece of wire by hammering it out on the floor of the room where the radiator was, it fell upon and injured him. In an action brought against the corporation and the employers of plaintiff to recover for injuries sustained by him it appeared that he was not guilty of contributory negligence and that immediately preceding the accident the radiator had been standing upon a heap of rubbish in the room. The uncontradicted evidence was also to the effect that none of the employees of the defendant firm touched the radiator from the time it was placed by them in the room till it fell upon plaintiff, though the laying of the floor necessarily required the moving of the radiator. Upon affirming a judgment in favor of plaintiff as against the defendant corporation, but reversing the judgment and dismissing the complaint as against the defendants, the employers of plaintiff, *held,* that regardless of the identity of those originally responsible for placing the radiator upon the rubbish pile, the defendant corporation under the rule of *res ipsa loquitur* was bound to overcome the presumption against it arising out of its ownership, custody and general control of the building.

The corporation having allowed the radiators to be placed in the building long in advance of the time when they could be installed, was, as general custodian of the building, in duty bound to take proper precautions to prevent the accident to plaintiff.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff, after trial by the court without a jury.

34

*Benjamin C. Loder* (*James E. Turner,* of counsel), for appellants Stern and Morris.

*James B. Kenney* (*Daniel R. Harvey,* of counsel), for appellant 305 West End Corporation.

*O'Connor & Bain* (*John J. O'Connor,* of counsel), for respondent.

MULLAN, J.    The defendant 305 West End Corporation was constructing, under its own general management, a large apartment house upon land owned by it.    It had let out a contract for the steam heat radiators, and their installation, to the defendants Stern and Morris, doing business under the firm name of Johnson & Morris.    Sometime in July, 1921, Johnson & Morris delivered at the building referred to a number of radiators, for installation in the various rooms of the building when the proper time should arrive for the doing of that work.    The owner had a general superintendent in charge of the building operation.    He was in the building when the radiators referred to were brought there.    Under his instructions the radiator here in question was taken, by employees of Johnson & Morris, to a specified room, and by them laid on its side on the rough boarding upon which the finished flooring was later to be placed.    There is no proof as to the position of the radiator from that time until a time immediately prior to the accident because of which this action is brought.    On September 16, 1921, the plaintiff, an employee of a subcontractor who had been engaged by the owner to tile a room contiguous to that in which the radiator had been placed, was straightening out a piece of wire by hammering it upon the floor of the room containing the radiator, when the radiator fell over upon him and caused the injuries for which he has had a recovery.    It was shown that sometime between July and September sixteenth the floor in the room in which the radiator had been placed had received its finished flooring.    Of course, the laying of that flooring necessarily required the moving of the radiator.    Immediately preceding the accident the radiator had been standing (not lying) upon a heap of rubbish in the room in which it had originally been placed. It was not shown by whom, or by whose order, the radiator was placed where it was when it fell.

It is quite evident that someone was negligent, and it is equally plain that the plaintiff was not guilty of contributory negligence. But who was negligent?    The learned justice below rendered judgment against both the owner and the radiator people, Stern and Morris.    The uncontradicted evidence offered on the part of Stern and Morris was that none of their employees touched the radiator from the time it was placed in the room to which it was

originally taken in July, until it fell upon the plaintiff.   There is nothing in the record that shows how long the radiator had been standing upon the rubbish heap from which it fell upon plaintiff. It would seem to be not improbable that the radiator was placed upon the rubbish heap by the people who laid the finished flooring in that room.   It appears that a considerable time, not fixed, had elapsed between the completion of the finished flooring and the date of the accident.   Regardless, however, of the identity of the persons originally responsible for placing the radiator upon the rubbish pile referred to, we are of the opinion that, as to the owner, the same rule *res ipsa loquitur* that shifts the burden of evidence upon the point of negligence, also shifts the burden of evidence upon the point of the identity of the party legally responsible, and calls upon the owner to overcome the presumption against it arising out of its ownership, custody and general control of the building.   The owner's control of the building was, of course, complete except in so far as that control had been parted with, and there is nothing in the record to show that at the material time here in question the owner was not in control of that part of the premises in which the accident occurred.   Had the radiator people, *while in the actual prosecution of their work of installing the radiators,* left the radiator standing upon that rubbish pile, a very different question would have arisen, and in such a case no duty of vigilance would have rested upon the owner, as it could have relied upon proper performance by its subcontractor. In such a case the radiator people would have been in immediate and exclusive control of the radiator for the purpose of doing the work covered by their contract.   Here, however, the radiators were allowed by the owner to be placed in the building long in advance of the time when they could be used in the work of installation.   In such circumstances, in our opinion, the owner was under the duty, as the general custodian of the building, of taking proper precautions to prevent the very sort of thing that occurred here.   The reasoning that leads to that conclusion seems also to require the exoneration of Stern and Morris.

Judgment against defendant 305 West End Corporation affirmed, with twenty-five dollars costs to respondent, and judgment against defendants Stern and Morris reversed, with thirty dollars costs to appellants, and complaint dismissed as against them, with costs.

GUY and BIJUR, JJ., concur.

Judgment affirmed as to one defendant and reversed as to others.